AB:JRS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | **AFFIDAVIT IN SUPPORT OF REMOVAL TO THE EASTERN DISTRICT OF PENNSYLVANIA** |
| - against - | |
| JASON RIVERA, | (Fed R. Crim. P. 5) |
| Defendant. | No. 19-MJ-887 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

   Sarah Joyce, being duly sworn, deposes and states that she is a Special Agent with the United States Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

   On or about July 11, 2019, the United States District Court for the Eastern District of Pennsylvania issued an arrest warrant commanding the arrest of the defendant JASON RIVERA in connection with an Indictment charging the defendant with, among other things, kidnapping resulting in death, in violation of Title 18, United States Code, Section 1201(a)(1).

The source of your deponent's information and the grounds for her belief are as follows:[1]

1.      On or about July 11, 2019 an arrest warrant was issued by the United States District Court for the Eastern District of Pennsylvania, commanding the arrest of JASON RIVERA, in connection with an Indictment charging RIVERA with, among other things, kidnapping resulting in death, in violation of Title 18, United States Code, Section 1201(a)(1).  True and correct copies of the arrest warrant and Indictment are attached as Exhibit A and Exhibit B.

2.      The defendant was arrested on or about October 1, 2019 at approximately 11:00 p.m. by the FBI in Floral Park, New York.

3.      I have reviewed a photograph of the "Jason Rivera" wanted in the Eastern District of Pennsylvania and compared it to the defendant.  Based on my comparison, I believe the defendant is the person depicted in the photograph.

4.      I have also reviewed a photograph of a tattoo on left forearm of the "Jason Rivera" wanted in the Eastern District of Pennsylvania.  The defendant has the same tattoo on his left forearm.

5.      After the defendant was arrested, he was fingerprinted.  When those fingerprints were entered in the Joint Automated Booking System ("JABS"), the system returned information for the "Jason Rivera" wanted in the Eastern District of Pennsylvania.

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause for removal, I have not described all of the relevant facts and circumstances of which I am aware.

2

6. Based on the foregoing, I believe that the defendant is the JASON

RIVERA wanted in the Eastern District of Pennsylvania.

WHEREFORE, your deponent respectfully requests that the defendant JASON

RIVERA be removed to the Eastern District of Pennsylvania so that he may be dealt with

according to law.

Sarah Joyce
Special Agent
United States Federal Bureau of Investigation

Sworn to before me this
2nd day of October, 2019

s/ Gold

THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

3

# Exhibit A

AO 442 (Rev. 11/11) Arrest Warrant

SEALED

UNITED STATES MARSHAL

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

2019 JUL 11 AM 9:49

EASTERN DISTRICT OF
PENNSYLVANIA

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 19cr391 |
| **JASON RIVERA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant_ | ) | |

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_    JASON RIVERA                                                                ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

18:1201(c) - CONSPIRACY TO COMMIT KIDNAPPING - 1 COUNT
18:1201(a)(1) - KIDNAPPING - 3 COUNTS
18:1952 - INTERSTATE TRAVEL IN AID OF RACKETEERING - 1 COUNT
18:894 - CONSPIRACY TO COLLECT AN EXTENSION OF CREDIT BY EXTORTIONATE MEANS - 1 COUNT
18:894 - COLLECTION OF AN EXTENSION OF CREDIT BY EXTORTIONATE MEANS - 1 COUNT
21:846 - CONSPIRACY TO DISTRIBUTE MARIJUANA - 1 COUNT; 18:2 - AIDING AND ABETTING

Date:    07/10/2019

KEVIN EIBEL, SUPERVISOR

_Issuing officer's signature_

City and state:    PHILA., PA.

KATE BARKMAN, CLERK OF COURT

_Printed name and title_

| **Return** | |
|---|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ | |
| at _(city and state)_ _____ . | |
| Date: _____ | |
| | _Arresting officer's signature_ |
| | _Printed name and title_ |

**INFORMATION SHEET**
*DO NOT REMOVE FROM TOP OF FILE*

| | |
|---|---|
| UNITED STATES OF AMERICA | :   FILE NO. __2019R00506__ |
| | : |
| v. | :   CRIMINAL NO. ___19cr391___ |
| | : |
| JASON RIVERA | :   DESCRIPTION OF VIOLATION AS PER |
| | :   INDICTMENT: |

18 U.S.C. § 1201(c) (conspiracy to commit kidnapping – 1 count)
18 U.S.C. § 1201(a)(1) (kidnapping - 3 counts)
18 U.S.C. § 1952 (interstate travel in aid of racketeering - 1 count)
18 U.S.C. § 894 (conspiracy to collect an extension of credit by extortionate means – 1 count)
18 U.S.C. § 894 (collection of an extension of credit by extortionate means – 1 count)
21 U.S.C. § 846 (conspiracy to distribute marijuana – 1 count)
18 U.S.C § 2 (aiding and abetting)
Notice of forfeiture

| | |
|---|---|
| *Defendant's current address* | 7237 61st Street, Apt. #1, Glendale, Queens, NY 11385 |
| *Place of detention* | N/A |
| *Federal or local custody* | N/A |
| *Register number* | N/A |
| *Date of birth/PPD Photo number* | July 1, 1985 |
| *Date of commitment on instant federal charges* | N/A |
| *Reason(s) for detention* | N/A |

*Interpreter needed*   ☑ *no*   ☐ *unknown*   ☐ *yes - specify language or dialect:*

| | |
|---|---|
| *Amount of bail* | *Name and* |
| ☐ *set*   ☐ *posted* | *address of* |
| ☐ *recommended*   ☑ *N/A* | *bondsman* |

| | |
|---|---|
| *Name and address of defendant's attorney* | Unknown |
| *Telephone / fax number* | |
| *Assistant U.S. Attorney(s) assigned to case* | Robert J. Livermore |
| *Case agent's name* | Scott Baber or Mike Fischer |
| *Agency* | FBI |

*All notices should be sent to:*

        Chief, Criminal Division
        United States Attorney's Office
        One Independence Mall - Suite 1250
        615 Chestnut Street
        Philadelphia, PA 19106-4476

*Prior docket information:*
    *Docket No.* ___N/A___    *Magistrate Judge*_____    *Date*_____

*Related indictments, docket numbers, and defendants:*

U.S. v. John Dao, Criminal No. 18-139 (Judge Joyner)
U.S. v. Minh Nguyen, Criminal No. 18-403 (Judge Joyner)
U.S. v. Lam Trieu, Criminal No. 18-503 (Judge Joyner)

*Maximum sentence: {list maximum sentence for each count separately}*

Count One (18 U.S.C. § 1201(c)):
    Life imprisonment; 3 years supervised release, $250,000 fine; $100 special assessment.

Counts Two through Four (18 U.S.C. § 1201(a)(1)):
    Life imprisonment; 3 years supervised release, $250,000 fine; $100 special assessment

Count Five (18 U.S.C. § 1952):
    Life imprisonment; 3 years supervised release, $250,000 fine; $100 special assessment.

Counts Six and Seven (18 U.S.C. § 894):
    20 years imprisonment, 3 years supervised release, $250,000 fine; $100 special assessment.

Count Eight (18 U.S.C. § 846):
    20 years imprisonment, 3 years supervised release, $250,000 fine; $100 special assessment.

**Total:** Life imprisonment, 3 years supervised release, $2,000,000 fine; $800.00 special assessment.

# Exhibit B



# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19 cr 391 |
| v. | : | DATE FILED: 7/10/19 |
| JASON RIVERA | : | VIOLATIONS: |
| | | 18 U.S.C. § 1201(c) (conspiracy to commit kidnapping – 1 count) |
| | : | 18 U.S.C. § 1201(a)(1) (kidnapping – 3 counts) |
| | : | 18 U.S.C. § 1952 (interstate travel in aid of racketeering – 1 count) |
| | : | 18 U.S.C. § 894 (conspiracy to collect an extension of credit by extortionate means – 1 count) |
| | : | 18 U.S.C. § 894 (collection of an extension of credit by extortionate means – 1 count) |
| | : | 21 U.S.C. § 846 (conspiracy to distribute marijuana – 1 count) |
| | : | 18 U.S.C. § 2 (aiding and abetting) Notice of forfeiture |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1.     From on or about January 1, 2014, through on or about August 27, 2014,

in the Eastern District of Pennsylvania, and elsewhere, defendant

### JASON RIVERA

conspired and agreed with others known and unknown to the grand jury, to knowingly, willfully,

and unlawfully seize, confine, kidnap, abduct, carry away, and hold, Vu Huynh, deceased, Viet

Huynh, deceased, and T.V., a person known to the grand jury, for ransom, reward, and

otherwise, that is, for the purpose of forcing Vu Huynh, Viet Huynh, and T.V. to repay a drug

trafficking debt, resulting in the deaths of Vu Huynh and Viet Huynh, and, in committing the

A TRUE COPY CERTIFIED FROM THE RECORD
DATED: 7/11/19
ATTEST: Eric Sobieski
DEPUTY CLERK UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

offense, traveled in interstate commerce from New York to Philadelphia and used a means,

facility, and instrumentality of interstate commerce, that is, a mobile phone, in violation of Title

18, United States Code, Section 1201(a)(1).

## MANNER AND MEANS

It was part of the conspiracy that:

2.      Persons known to the grand jury sold marijuana to Vu Huynh, Viet

Huynh, and T.V. on a consignment agreement, that is, those persons allowed Vu Huynh, Viet

Huynh, and T.V. to purchase controlled substances on credit and to make payment at a later date.

3.      When Vu Huynh, Viet Huynh, and T.V. did not make prompt payment in

full, defendant JASON RIVERA and others agreed to kidnap Vu Huynh, Viet Huynh, and T.V.,

assault them, and force them to pay their drug debts.   Defendant JASON RIVERA and others

traveled from New York to Philadelphia to effectuate this agreement.

4.      When the group from New York arrived in Philadelphia, defendant

JASON RIVERA and others kidnapped, tied up, assaulted, and extorted Vu Huynh, Viet Huynh,

and T.V.   When Vu Huynh, Viet Huynh, and T.V. only paid a small percentage of the drug debt,

members of the conspiracy loaded the still restrained Vu Huynh, Viet Huynh, and T.V. into the

back of a van and drove them to the bank of the Schuylkill River in Philadelphia.   Members of

the conspiracy stabbed Vu Huynh, Viet Huynh, and T.V., weighed down the bodies of Vu Huynh

and Viet Huynh, and threw them into the Schuylkill River, where Vu Huynh and Viet Huynh

died as a result of the stab wounds and drowning.   Members of the conspiracy attempted to kill

T.V. in the same fashion.   However, T.V. managed to escape his binds and crawled out of the

river.

**OVERT ACTS**

In furtherance of the conspiracy and to affect the object of the conspiracy, defendant JASON RIVERA and others known and unknown to the grand jury committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1.      During the summer of 2014, a drug trafficker in New York contacted three drug trafficking associates in New York, including defendant JASON RIVERA, and formulated a plan to travel to Philadelphia to kidnap and extort Vu Huynh, Viet Huynh, and T.V., and force them to pay their substantial drug debts.

2.      In or about August 2014, defendant JASON RIVERA and other members of the New York group traveled to Philadelphia and met with others to discuss the plot to kidnap Vu Huynh, Viet Huynh, and T.V. and force them to pay their substantial drug debts.

3.      On or about August 26, 2014, one of the co-conspirators contacted Vu Huynh, Viet Huynh, and T.V. and invited each of them over to his house, where defendant JASON RIVERA and others laid in wait to kidnap and assault them.   Vu Huynh, Viet Huynh, and T.V. each arrived separately at the house between approximately 6:00 p.m. and midnight. After each arrived, defendant JASON RIVERA and other co-conspirators assaulted Vu Huynh, Viet Huynh, and T.V., restrained them with duct tape, and demanded that they pay their substantial drug debts.

On or about August 27, 2014:

4.      Defendant JASON RIVERA and others transported Vu Huynh, Viet Huynh, and T.V. and the victims' vehicles to the Schuylkill River.

5.      Defendant JASON RIVERA and others disposed of the victims' vehicles.

3

All in violation of Title 18, United States Code, Section 1201(c).

4

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 26, 2014 to on or about August 27, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### JASON RIVERA

knowingly, willfully, and unlawfully seized, confined, kidnapped, abducted, carried away, and held, and aided and abetted the unlawful seizing, confining, kidnapping, abducting, carrying away, and holding of, Vu Huynh, deceased, for ransom, reward, and otherwise, that is, for the purpose of forcing Vu Huynh to repay a drug trafficking debt, resulting in the death of Vu Huynh, and, in committing the offense, traveled in interstate commerce from New York to Philadelphia and used a means, facility, and instrumentality of interstate commerce, that is, a mobile phone.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

5

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 26, 2014 to on or about August 27, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### JASON RIVERA

knowingly, willfully, and unlawfully seized, confined, kidnapped, abducted, carried away, and held, and aided and abetted the unlawful seizing, confining, kidnapping, abducting, carrying away, and holding of, Viet Huynh, deceased, for ransom, reward, and otherwise, that is, for the purpose of forcing Viet Huynh to repay a drug trafficking debt, resulting in the death of Viet Huynh, and, in committing the offense, traveled in interstate commerce from New York to Philadelphia and used a means, facility, and instrumentality of interstate commerce, that is, a mobile phone.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

6

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 26, 2014, to on or about August 27, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### JASON RIVERA

knowingly, willfully, and unlawfully seized, confined, kidnapped, abducted, carried away, and held, and aided and abetted the unlawful seizing, confining, kidnapping, abducting, carrying away, and holding of, T.V., a person known to the grand jury, for ransom, reward, and otherwise, that is, for the purpose of forcing T.V. to repay a drug trafficking debt, and, in committing the offense, traveled in interstate commerce from New York to Philadelphia and used a means, facility, and instrumentality of interstate commerce, that is, a mobile phone.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

       1.    Paragraphs 2 through 4, and Overt Acts 1 through 5 of Count One are incorporated here.

       2.    On or about August 26, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### JASON RIVERA,

and others known to the grand jury, used a facility in interstate commerce, that is, a mobile phone, and traveled in interstate commerce, from New York to Philadelphia, with the intent to commit a crime of violence to further an unlawful activity, that is, kidnapping, in violation of Title 18, United States Code, Section 1201, and collection of extension of credit by extortionate means, in violation of Title 18, United States Code, Section 894, and thereafter performed and attempted to perform those crimes of violence to further unlawful activity, that is, any business enterprise involving controlled substances. The crime of violence resulted in the deaths of Vu Huynh and Viet Huynh.

       In violation of Title 18, United States Code, Section 1952.

8

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Between on or about January 1, 2014, and on or about August 27, 2014, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JASON RIVERA

conspired and agreed with others known and unknown to the grand jury to knowingly use extortionate means to collect and attempt to collect extensions of credit.

### MANNER AND MEANS

It was part of the conspiracy that:

2.     Drug dealers from New York and California extended credit to Vu Huynh, Viet Huynh, and T.V., a person known to the grand jury, to purchase large amounts of controlled substances.

3.     When Vu Huynh, Viet Huynh, and T.V. did not make prompt payment for the controlled substances, defendant JASON RIVERA and others attempted to collect the debt owed by kidnapping Vu Huynh, Viet Huynh, and T.V., assaulting them, and forcing them to pay their drug debts.

All in violation of Title 18, United States Code, Section 894.

9

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

From on or about August 26, 2014 to on or about August 27, 2014, in the Eastern District of Pennsylvania, defendant

### JASON RIVERA

knowingly used extortionate means to collect and attempt to collect an extension of credit from Vu Huynh, Viet Huynh, a T.V., a person known to the grand jury.

In violation of Title 18, United States Code, Section 894.

10

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    Paragraphs 2 through 4, and Overt Acts 1 through 5 of Count One are incorporated here.

2.    From on or about January 1, 2012, through on or about December 31, 2014, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JASON RIVERA**

conspired and agreed with others known and unknown to the grand jury to knowingly and intentionally distribute 50 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## MANNER AND MEANS

It was part of the conspiracy that:

2.    Defendant JASON RIVERA and others obtained and resold large quantities of marijuana from various suppliers, including certain drug traffickers in New York and California.

3.    Defendant JASON RIVERA arranged for the marijuana to be transported from California to the east coast for redistribution to other drug dealers.

4.    Persons known to the grand jury sold the marijuana to Vu Huynh, Viet Huynh, and T.V., a person known to the grand jury, and others, on a consignment agreement, that is, those persons extended credit to the other drug dealers who made payment for the marijuana at a later date after delivery.

11

5.    When Vu Huynh, Viet Huynh, and T.V. did not make prompt payment for the controlled substances, defendant JASON RIVERA and others attempted to collect the debt owed by kidnapping Vu Huynh, Viet Huynh, and T.V., assaulting them, and forcing them to pay their drug debts.

All in violation of Title 21, United States Code, Section 846.

12

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

   1. As a result of the violation of Title 21, United States Code, Section

846, set forth in this information, defendant

### JASON RIVERA

shall forfeit to the United States of America:

     (a) any property used or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, such violations; and

     (b) any property constituting, or derived from, proceeds obtained,

directly or indirectly, from the commission of such violation.

   2. If any of the property subject to forfeiture, as a result of any act or

omission of the defendant:

     (a) cannot be located upon the exercise of due diligence;

     (b) has been transferred or sold to, or deposited with, a third party;

     (c) has been placed beyond the jurisdiction of the Court;

     (d) has been substantially diminished in value; or

     (e) has been commingled with other property which cannot be divided

       without difficulty;

13

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the property subject to

forfeiture.

All pursuant to Title 21, United States Code, Section 853.

**A TRUE BILL:**

**GRAND JURY FOREPERSON**

fc **WILLIAM M. MCSWAIN**
**United States Attorney**

14